# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:01CR57.1 |
| | § | |
| VERNON T. JAMES | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 12, 2009 to determine whether the Defendant violated his supervised release. The Government was represented by Ernest Gonzalez. The Defendant represented himself. Defendant was advised at the revocation hearing as well as his preliminary hearing that he had the right to counsel. Robert Arrambide, federal public defender, was present at both hearings in the event Defendant chose to consult with him at any point during the proceedings. Defendant declined any representation by Arrambide. Defendant was also advised of his right to allocution before a district judge.

On February 13, 2002, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to 78 months imprisonment followed by a 3-year term of supervised release for the offense of false, fictitious or fraudulent claims and aiding and abetting. Defendant began his term of supervised release on January 18, 2008. On February 19, 2008, this matter was re-assigned

to the Honorable Marcia A. Crone, United States District Judge.

On March 20, 2008, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 66). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall report to the probation office in the district to which Defendant is released within 72 hours of release from the custody of the Bureau of Prisons; (2) Defendant shall not leave the judicial district without permission of the Court or probation officer; and (3) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

The petition alleges that Defendant committed the following violations: (1) Defendant failed to report to the U.S. Probation Office within 72 hours of his release on January 18, 2008 from the Bureau of Prisons; (2) during a telephone conversation on February 12, 2008, Defendant advised supervising U.S. Probation Officer Myra A. Kirkwood that he was in Florida, and Defendant failed to get permission from the Court or U.S. Probation Office to leave the judicial district; and (3) Defendant failed to notify the U.S. Probation Office of his residence or employment which were unknown at the time the petition was filed. The petition further asserts that Defendant filed a "Notice of Dishonor" with the Court on May 2, 2005, reporting that he was not on supervision, but that he was advised that he was on supervision and was instructed to report to the U.S. Probation Office.

Prior to the Government putting on its case as to the issue of revocation, Defendant orally requested an identity hearing.

As to Defendant's identity, the Government called U.S. Probation Officer Darryl Frederick. Frederick testified regarding Vernon T. James's file containing his date of birth, social security number and FBI number. Frederick also identified the Defendant in custody as Defendant Vernon T. James. Frederick testified that he was able to identify Defendant from the picture in his supervision file.

The Court also questioned Defendant regarding a signature of "Vernon-Theunder:James, sui Juris" on a letter sent to Judge Marcia Crone regarding this case. Defendant testified that it was his signature. With that testimony, the Court finds that the Defendant in custody is the Vernon T. James identified in this cause.

Defendant refused to enter a plea of true or not true, therefore, the Court presumed his plea was "not true" and proceeded with a hearing as to the matter of revocation. U.S. Probation Officer Frederick further testified that Defendant failed to report for supervision after his release and that his residence was unknown. Frederick further testified that this conduct constituted violations of Defendant's supervised release.

Upon cross-examination by Defendant, Frederick testified that Court's order regarding sentencing gave U.S. Probation Office authority to supervise him, but that he had no contract signed by Defendant regarding supervision.

Defendant did not offer any witnesses, but stated that he paid his "bond" and was advised by the U.S. Probation office that he was released from any judgment.

After hearing the testimony presented and reviewing the record herein, the Court finds that Defendant has violated his terms of supervised release and recommends that Defendant's supervised release be revoked based on those violations.

## **RECOMMENDATION**

Because of the frivolous position Defendant has taken in this matter, his lack of cooperation with probation, and his obvious disregard for the judicial system, the Court recommends that the District Court revoke Defendant Vernon T. James's supervised release for a period in excess of the guideline range but still within the maximum sentence he could receive for the violations noted.

Pursuant to the SentencingReform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no supervised releaseto follow.*The Court further recommends that Defendant appear before the district judge for allocution and sentencing as is his right to do.*

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

**SIGNED this 12th day of May, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE